UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTOIN JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> FORT WAYNE POLICE DEPARTMENT, et al., <br><br> Defendants. | CAUSE NO. 1:22-CV-200-HAB-SLC |

<u>OPINION AND ORDER</u>

Antoin Johnson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges he was pulled over by officers from the Fort Wayne Police Department on January 31, 2021, between 11:00 PM and 1:00 AM, for speeding. Johnson didn't have his wallet on him, so he provided the officers with his name and social security number when they asked for identification. He also informed the officers the vehicle he was driving was not his but that he was "borrowing the vehicle to get food."

ECF 1 at 2. He was ordered to exit the car, and his person and the car were searched. A gun—which Johnson insists was not his—was found in the car, and the officers informed him he was going to be taken into custody. Johnson "panicked at the thought of being killed by the police," so he attempted to flee. *Id*. He was tackled by multiple officers. While he was on the ground, he was punched and kneed in the head until he was forced into handcuffs. Officer McEachern then discharged his chemical spray directly into Johnson's eyes and proceeded to taser him. Johnson passed out and was taken to the hospital. He was in a coma for several days and awoke chained to the hospital bed.

When he was released to the care of the Allen County Jail, his mental health rapidly declined, and he attempted suicide. He was found by a correctional officer and taken to medical, and Johnson has been on antidepressants and medication for post-traumatic stress disorder since that time. Johnson has sued the Fort Wayne Police Department, Chief of Police Steve Reed, Officer McEachern, Officer M. Diaz, Officer J. Williams, and Officer Pierr for monetary damages and injunctive relief.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . .." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678

2

F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted).

Here, Johnson claims Officer McEachern sprayed a chemical agent directly into his eyes at close range and then tasered him, both while he was already handcuffed and subdued on the ground. Although further factfinding may show Officer McEachern's actions were objectively reasonable under the particular circumstances, giving Johnson

3

the benefit of the inferences to which he is entitled at this stage, he has stated a plausible excessive force claim against Officer McEachern.

His excessive force claims do not fare as well against the other defendants. He has sued Chief Reed, Officer M. Diaz, Officer J. Williams, and Officer Pierr, but they are not mentioned anywhere in the body of the complaint. Thus, it is not plausible to infer they were personally involved in the events that occurred. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). He has also sued the Fort Wayne Police Department as a whole, but municipal police departments are not suable entities in Indiana. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Finally, Johnson references his mental health issues at the Allen County Jail following the incident, so he may be attempting to bring a claim related to them. Assuming Johnson was a pretrial detainee at the time of the events in question, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *See Miranda*, 900 F.3d at 353-54.

4

Johnson has not alleged any of the named defendants were personally involved in his medical care—or the alleged lack of it—so he has not stated any plausible Fourteenth Amendment claims against them. *See Polk Cty.*, 960 F.3d at 377; *Mitchell*, 895 F.3d at 498; *Burks*, 555 F.3d at 596. Moreover, even if he had, Johnson admits he was immediately taken to a hospital after the use of force, was subsequently seen by an outside ophthalmologist and given surgery for his swollen eyes, was placed on antidepressants and other medication for post-traumatic stress disorder after his suicide attempt, and has been "under weekly care of [a] mental health nurse." ECF 1 at 3. Based on these allegations, it cannot be inferred that Johnson has failed (or is failing) to receive constitutionally adequate medical care. *See e.g. Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (noting that a pretrial detainee must allege there was both an objectively serious medical need and that the defendant[s] acted in an objectively unreasonably manner in response to it). Therefore, the medical claims will be dismissed.

For these reasons, the court:

(1) GRANTS Antoin Johnson leave to proceed against Officer McEachern in his individual capacity for monetary damages for subjecting him to excessive force in violation of the Fourth Amendment on January 31, 2021, or February 1, 2021;

(2) DISMISSES all other claims;

(3) DISMISSES Fort Wayne Police Department, Chief of Police Steve Reed, Officer M. Diaz, Officer J. Williams, and Officer Pierr;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer McEachern at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer McEachern to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 30, 2022.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT